UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PAUL VARNADO, et al                          *         CIVIL ACTION NO: 6:12-CV-2604

VERSUS                                       *         JUDGE REBECCA DOHERTY

VEGETATION MANAGEMENT               *         MAGISTRATE JUDGE HILL
SPECIALIST, INC.
**************************************************************************

## VEGETATION MANAGEMENT SPECIALIST, INC.'S DEFENSES AND ANSWER

NOW INTO COURT, through undersigned counsel, comes Defendant Vegetation

Management Specialist, Inc., who, in response to the allegations of Plaintiff's Original

Complaint and subject to all defenses asserted herein and with full reservation of all rights,

defenses, objections and claims and with full reservation of the right to supplement this pleading

and to assert additional defenses, states as follows:

## I. DEFENSES

### First Defense

Defendant is not liable or responsible for the claims asserted by Plaintiff or for any of the

items of relief asserted by Plaintiff.

### Second Defense

Defendant asserts the defense of vagueness or ambiguity of the Plaintiff's Complaint on

the grounds that it fails to describe, with specificity and particularity, sufficient facts to establish

Plaintiff's right and capacity to proceed with a collective action or in a representative capacity on

behalf of any other person. Moreover, Plaintiff has failed to allege, with particularity or

specificity, sufficient facts to establish that other similarly situated employees exist, as well as

Plaintiff's right or capacity to proceed with a collective action under the Fair Labor Standards

Act.

### Third Defense

Defendant asserts the defense of Plaintiff's lack of standing to bring legal action on behalf of others or that Plaintiff has standing to sue in a representative capacity or in a collective action under the Fair Labor Standards Act, including 29 U.S.C. §216(b).  Moreover, Plaintiff has failed to articulate or to establish the existence of similarly situated individuals or similarly situated claims necessary for action under 29 U.S.C. §216(b).  Additionally, Plaintiff has failed to establish consent of others that are not parties to this lawsuit for the Plaintiff to proceed on their behalf or for their interests or to otherwise satisfy the requirements of 29 U.S.C. §216(b). Defendant asserts the foregoing as collective defenses or, alternatively, as independent defenses to the Plaintiff's claims and lawsuit.

### Fourth Defense

To the extent that Plaintiff is seeking any relief beyond the applicable statute of limitations period or to the extent that Plaintiff is seeking to recover damages or pursue claims accruing or arising outside the applicable statute of limitations period, for himself or for or on behalf of or as a representative of any other person, Defendant objects and asserts the defense of statute of limitations.  Alternatively, Defendant asserts the applicable statute of limitations period of two years as a bar to Plaintiff's claims, relief or damages or as a bar to recovery for Plaintiff or for any other person.

### Fifth Defense

Defendant asserts that, at all times, it has acted in good faith and reasonably and Defendant asserts the defenses of good faith and reasonableness.

## Sixth Defense

To the extent that Plaintiff has failed to take action to avoid or mitigate his damages or claims or to the extent that Plaintiff has otherwise failed to avoid harm or damages by his own actions, errors or omissions, Defendant asserts the defenses of failure to mitigate damages, waiver and estoppel.

## Seventh Defense

Defendant asserts that Plaintiff engaged in acts, errors, omissions or conduct which caused or contributed to the claim of damages alleged and, as such, Defendant alleges and asserts the Plaintiff's comparative fault, contributory fault or Plaintiff's own failure to avoid harm. Moreover, Plaintiff is estopped from asserting such claims based on his own actions, errors, omissions or conduct and, as such, Defendant asserts the defenses of estoppel and waiver.

## Eighth Defense

Defendant asserts the defense of lack of subject matter jurisdiction by this Honorable Court over persons not named as party plaintiffs in this lawsuit or lack of subject matter jurisdiction for a collective action seeking claims or relief for any purported collective action members or others for whom Plaintiff is seeking to represent based on Plaintiff's failure to specify with particularity other similarly situated employees, to name specific individuals, to provide consent of other individuals and the failure to specify, with particularity, the grounds for collective action or representation or Plaintiff's failure to articulate how others may be similarly situated with him.

## Ninth Defense

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief can be granted, in whole or in part, on the grounds of Plaintiff's failure to specify with particularity

other similarly situated employees, to name specific individuals, to provide consent of other individuals or the failure to specify, with particularity, the grounds for collective action or representation or Plaintiff's failure to articulate how others may be similarly situated with him.

### Tenth Defense

Defendant asserts the Plaintiff's failure to state a claim upon which relief may be granted on the grounds that Plaintiff was not an employee engaged in commerce or in the production of goods for commerce or that Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act and/or that Plaintiff has otherwise failed to establish or assert with particularity coverage and/or applicability of the Fair Labor Standards Act.  The foregoing are also raised and asserted as affirmative defenses.

### Eleventh Defense

Defendant raises the defense of failure to state a claim upon which relief may be granted on the grounds that one or more of the exemptions, including but in no way limited to the administrative exemption, under the provisions of the Fair Labor Standards Act and its regulations are applicable to Plaintiff and said exemptions are asserted herein and incorporated herein by reference and are asserted as affirmative defenses to liability.

### Twelfth Defense

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted, in whole or in part, against Defendant, based, in whole or in part, on the Plaintiff's allegations or, alternatively, the lack of allegations or specificity of allegations by Plaintiff in his Complaint and as a matter of law.

### Thirteenth Defense

Defendant asserts that Plaintiff has failed to state a claim upon which relief may be

granted, as a matter of law, and, in particular, as related to any assertion of claim for liquidated damages, exemplary damages, punitive damages or other similar damages.  Moreover, the facts alleged by Plaintiff in his Complaint fail to state a cognizable claim for relief for liquidated damages, exemplary damages, punitive damages or other similar damage and there is no basis for the award of such damages as alleged, as asserted, as may be alleged or as may be asserted by Plaintiff and as a matter of law.  Moreover, any and all actions taken by Defendant, if any, were at all times in good faith and reasonable and any and all actions taken, if any, in any way related to Plaintiff were in good faith and reasonable.  Any assertion or imposition of liquidated damages, exemplary damages, punitive damages or similar damages would be violative of any and all rights of Defendant under the facts alleged and as a matter of law and Defendant hereby asserts and invokes his rights and protections, including applicable protections of the United States Constitution and the Amendments thereof, as well as the Constitution and laws of any applicable state.

## Fourteenth Defense

To the extent that Plaintiff is seeking any relief beyond that which is provided by applicable law, Defendant asserts Plaintiff's failure to state a cognizable claim for relief and any and all relief, which is at all times, disputed, contested and denied, is limited by applicable law.

## Fifteenth Defense

Defendant hereby asserts any and all statutory defenses as provided under applicable law, including the Fair Labor Standards Act and its regulations, as well as any and all other statutory defenses as may be provided by law and any and all such statutory defenses are incorporated herein by reference as if copied in extensio.  Moreover, Defendant asserts, as defenses, all legal elements and burdens of proof required in connection with Plaintiff's asserted claims, including

any and all requirements and elements under the Fair Labor Standards Act and its regulations.

## Sixteenth Defense

Defendant asserts the defense of Plaintiff's failure to state a claim upon which relief may be granted, based on Plaintiff's failure to designate or specify the particular hours worked by him, the workweeks alleged at issue and the activities in which he engaged.  The foregoing also raises affirmative defenses.

## Seventeenth Defense

As an alternative defense and to the extent that any minimal amounts of time were worked by Plaintiff to which he was eligible or qualified for compensation, which is at all times disputed, contested and denied, Defendant asserts as an alternative defense, the *de minimus* rule as a defense for liability, limitation upon relief or bar to claims.

## Eighteenth Defense

Defendant is entitled to recover any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law.

## Nineteenth Defense

Defendant reserves the right to supplement any and all defenses asserted herein and to raise additional defenses during the course of litigation.

## II.  ANSWER

AND NOW, subject to the above objections and defenses, with full reservation and assertion thereof and without any waiver thereof, Defendant further responds to the Plaintiff's Complaint as follows:

1.

In response to the allegations of paragraph 1 of the Plaintiff's Complaint, said allegations

are denied, save and except to admit that Plaintiff filed the above-captioned lawsuit.

2.

In response to the allegations of paragraph 2 of the Plaintiff's Complaint, said allegations

are denied to the extent that Plaintiff is asserting liability or wrongdoing against Defendant.

Moreover, Defendant reasserts herein its Eighth Defense.  Defendant does not dispute that this

Honorable Court has subject matter jurisdiction over individual claims asserted by Plaintiff under

federal law and, in particular, the Fair Labor Standards Act.

3.

In response to the allegations of paragraph 3 of the Plaintiff's Complaint, said allegations

are denied to the extent that Plaintiff is asserting liability or wrongdoing against Defendant. The

remaining allegations regarding venue are a legal conclusion to which no response is deemed

necessary.

4.

In response to the allegations of paragraph 4 of the Plaintiff's Complaint, said allegations

are denied, except to admit Defendant engaged Plaintiff's services for a period of time.

5.

In response to the allegations of paragraph 5 of the Plaintiff's Complaint, Defendant

admits it is a Louisiana corporation that conducts business in the state. The remaining allegations

are denied to the extent Plaintiff is asserting liability or wrongdoing against Defendant.

6.

In response to the allegations of paragraph 6 of the Plaintiff's Complaint, Defendant

admits it is a Louisiana corporation that conducts business in the state. The remaining allegations

are denied to the extent Plaintiff is asserting liability or wrongdoing against Defendant.

7.

The allegations contained in paragraph 7 call for a legal conclusion to which no response is deemed necessary. To the extent a response is required Defendant denies the allegations as written.

8.

In response to the allegations of paragraph 8 of the Plaintiff's Complaint, said allegations are denied, as written, except to admit Defendant engaged Plaintiff's serviced for a period of time.

9.

In response to the allegations of paragraph 9 of the Plaintiff's Complaint, said allegations are denied as written.

10.

In response to the allegations of paragraph 10 of the Plaintiff's Complaint, said allegations are denied as written to the extent they allege wrongdoing on the part of Defendant, except to admit Defendant employed Plaintiff.

11.

In response to the allegations of paragraph 11 of the Plaintiff's Complaint, said allegations are denied, as written.

12.

In response to the allegations of paragraph 12 of the Plaintiff's Complaint, said

allegations are denied.

13.

In response to the allegations of paragraph 13 of the Plaintiff's Complaint, said allegations are denied.

14.

In response to the allegations of paragraph 14 of the Plaintiff's Complaint, said allegations are denied, as written.

15.

In response to the allegations of paragraph 15 of the Plaintiff's Complaint, said allegations are denied, as written.

16.

In response to the allegations of paragraph 16 of the Plaintiff's Complaint, said allegations are denied, as written.

17.

In response to the allegations of paragraph 17 of the Plaintiff's Complaint, said allegations are denied as written.

18.

In response to the allegations of paragraph 18 of the Plaintiff's Complaint, said allegations are denied, as written.

19.

In response to the allegations of paragraph 19 of the Plaintiff's Complaint, said allegations are denied.

20.

In response to the allegations of paragraph 20 of the Plaintiff's Complaint, said allegations are denied.

21.

In response to the allegations of paragraph 21 of the Plaintiff's Complaint, said allegations are denied.

22.

In response to the allegations of paragraph 22 of the Plaintiff's Complaint, said allegations are denied, as written.

23.

In response to the allegations of paragraph 23 of the Plaintiff's Complaint, said allegations are denied.

24.

In response to the allegations of paragraph 24 of the Plaintiff's Complaint, said allegations do not require a response.  To the extent that a response is required and to the extent that Plaintiff is asserting any liability or wrongdoing against Defendant, said allegations are denied.  Additionally, Defendant objects to a trial by jury on any issues, matters or claims for which a trial by jury is not allowed or afforded under applicable law.

25.

To the extent that any of the allegations of the Plaintiff's Complaint have not been answered herein, said allegations are denied.  In addition, Defendant denies the Plaintiff's prayer for relief (including subparts (1) through (4), inclusive), and any allegations contained in the introduction of the Complaint and in the prayer for relief in the Complaint.

WHEREFORE, premises considered, Vegetation Management Specialist, Inc. prays that this Defenses and Answer pleading be deemed good and sufficient and that its defenses be granted and sustained and that this lawsuit and all claims asserted by Paul Varnado be dismissed with prejudice at his cost.  Vegetation Management Specialist, Inc. further prays that it be awarded any and all attorney's fees, costs and expenses incurred in defense of this action pursuant to applicable law or as otherwise may be allowed by applicable law and that Plaintiff, Paul Varnado, be cast in judgment for same.  Vegetation Management Specialist, Inc. further prays for any and all other relief, at law, in equity or otherwise.

Respectfully submitted,

BABINEAUX, POCHE', ANTHONY
        & SLAVICH, L.L.C.


    /s/ Joel P. Babineaux
Joel P. Babineaux, LA#21455
Olivia S. Regard, La #27114
Post Office Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
E-mail: jbabineaux@bpasfirm.com
            oregard@bpasfirm.com

Attorneys for Vegetation Management Specialist, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 6th, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Derrick G. Earles
Brian Caubarreaux & Associates, Inc.
144 W. Tunica Drive
Marksville, LA 71351
digger@caubarreaux.com

Richard J. Burch
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com

Respectfully submitted,

BABINEAUX, POCHE', ANTHONY
    & SLAVICH, L.L.C.

   /s/ Joel P. Babineaux
Joel P. Babineaux, LA#21455
Olivia S. Regard, La #27114
Post Office Box 52169
Lafayette, LA 70505-2169
Phone: (337) 984-2505
Fax: (337) 984-2503
E-mail: jbabineaux@bpasfirm.com
        oregard@bpasfirm.com

Attorneys for Vegetation Management Specialist,

Inc.